ORIGINAL

1   Andrew Leibnitz (State Bar No. 184723)
    aleibnitz@fbm.com
2   Brian Keating (State Bar No. 167951)
    bkeating@fbm.com
3   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Attorneys for Plaintiff
    FORTINET, INC.

7

FILED

09 JAN -6  PM 2: 45

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NO. DISTRICT OF CA.

E-filing

8                   UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

CV 09                0036    PVT

10

11  FORTINET, INC.,                        Case No.

12                  Plaintiff,

13         vs.                             **COMPLAINT FOR PATENT
                                           INFRINGEMENT, TRADE SECRET
14  PALO ALTO NETWORKS, INC., and          MISAPPROPRIATION, BREACH OF
    PATRICK R. BROGAN,                     CONTRACT, INTENTIONAL
15                                         INTERFERENCE WITH CONTRACT,
                    Defendants.            AND NEGLIGENT INTERFERENCE
16                                         WITH ECONOMIC ADVANTAGE**

17                                         **DEMAND FOR JURY TRIAL**

18

19         Plaintiff Fortinet, Inc. ("Fortinet") hereby alleges as follows:

20                                 **PARTIES**

21         1.      Plaintiff Fortinet, Inc. ("Fortinet") is the pioneer and leading provider of multi-

22  threat security systems that enable secure business communications.  Fortinet is a California

23  corporation with its principal place of business in Sunnyvale, California, and is registered to do

24  business and is doing business in the State of California.

25         2.      Fortinet is informed and believes, and on that basis alleges, that Defendant Palo

26  Alto Networks, Inc. ("PAN") is a Delaware corporation with its principal place of business in

27  Sunnyvale, California, and is registered to do business and is doing business in the State of

28  California.

3.    Fortinet is informed and believes, and on that basis alleges, that Defendant Patrick R. Brogan ("Brogan") is a natural person residing in the State of California.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising in part under the patent laws of the United States, codified at 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This court has supplemental jurisdiction of the state claims asserted in this action pursuant to 28 U.S.C. § 1367.  The federal and state claims alleged herein are based on a common nucleus of operative facts.  Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state claims.

6.    Defendants are subject to personal jurisdiction in this judicial district because, on information and belief, PAN's principal place of business is in the Northern District of California, Brogan resides in the Northern District of California, and the Defendants' wrongful activities have occurred and continue to occur in this district.  Fortinet is further informed and believes, and on that basis alleges, that the accused products have been advertised, marketed, promoted and offered for sale by PAN in this district.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. § 1400(b).

## INTRADISTRICT ASSIGNMENT

8.    This is an intellectual property action exempt from intradistrict assignment under Civil Local Rule 3-2(c), which makes this action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

9.    Founded in 2000, Fortinet is a pioneer in the creation of Unified Threat Management ("UTM") security systems, which enable secure business communications. Fortinet's "Fortigate" systems detect and eliminate the most damaging, content-based threats from email and web traffic without degrading network performance.  By integrating the industry's broadest suite of security protections, Fortigate systems allow Fortinet customers to obtain the most comprehensive unified threat management solution.  Fortinet is now the world's

1    leading provider of UTM security systems, with over 20,000 customers worldwide.

2    10.    From its founding, Fortinet has developed proprietary technical strategies and

3    business plans related to its security products and services through the expenditure of

4    considerable employee work hours and company resources. Fortinet strictly maintains the

5    secrecy of its proprietary information, taking numerous precautions to ensure this information is

6    not disseminated outside the company and is disseminated within the company only on a need-to-

7    know basis.

8    11.    Through the expenditure of considerable employee work hours and company

9    resources over several years, Fortinet has also compiled proprietary customer lists, detailed

10   customer contact information and transaction histories, and confidential lists of dealers and their

11   transaction histories. Through the painstaking efforts of its employees, Fortinet has methodically

12   compiled this proprietary information through direct contacts with customers and other industry

13   participants.

14   12.    Fortinet strictly maintains the secrecy of its customer and dealer information,

15   taking numerous precautions to ensure this information is not disseminated outside the company

16   and is disseminated within the company only on a need-to-know basis. Specifically, Fortinet

17   maintains its customer and dealer lists in internal data systems that are password protected. (An

18   exception to Fortinet's strict confidentiality policy and practice is the identification of a few

19   customers on the Fortinet website for marketing purposes.)

20   13.    Fortinet similarly maintains the secrecy of its employee information, including

21   their salaries, skill sets, and organizational charts. The result of significant investment by

22   Fortinet, this information is maintained on a need-to-know basis within Fortinet and subject to

23   strict confidentiality safeguards.

24   14.    Fortinet also protects its intellectual property through prosecution and acquisition

25   of industry-leading patents. Fortinet has devoted substantial resources to compilation of its patent

26   portfolio to protect its investment in its technology. Fortinet's patent portfolio includes U.S.

27   Patent No. 7,376,125 B1 ("the '125 Patent"), attached hereto as Exhibit A.

28   15.    Following Fortinet's success in the marketplace, PAN was founded in 2005 as a

competitor to Fortinet in the field of security systems.  Seeking to diminish Fortinet's lead in the marketplace, PAN hired former Fortinet employees Alfred Lee ("Lee") and Johnny Nguyen ("Nguyen").  Lee, as a product manager, and Nguyen, as a technical support engineer, both had access to confidential Fortinet technology, design data, product roadmaps, and related information.

16.     Having exploited the services of former Fortinet employees Lee and Nguyen, PAN hired Patrick Brogan from Fortinet in approximately August of 2008.  Brogan had worked as Western Regional Sales Director at Fortinet from February 2004 until August 2008.

17.     As with Fortinet's other employees, Brogan executed a "Proprietary Information And Inventions Agreement" ("Agreement," attached hereto as Exhibit B) at the outset of his employment with Fortinet.  The Agreement provides:

> At all times during the term of my employment and thereafter, I will hold in strictest confidence and will not disclose, use, lecture upon or publish any of the Company's Proprietary Information (defined below) except as such disclosure, use or publication may be required in connection with my work for the Company, or unless an officer of the Company expressly authorizes such in writing.  I hereby assign to the Company and [sic] rights I may have or acquire in such Proprietary Information and recognize that all Proprietary Information shall be the sole property of the Company and its assigns shall be the sole of all trade secret rights, patent rights, copyrights, mask work rights and all other rights throughout the work (collectively, "Proprietary Rights") in connection therewith.

> The term "Proprietary Information" shall mean trade secrets, confidential knowledge, data or any other proprietary Information of the Company.  By way of illustration but not limitation, "Proprietary Information" includes (a) trade secrets, inventions, mask works, ideas, processes, formulas, source and object codes, data programs, other works of authorship, know-how, improvement, discoveries, developments, designs and techniques … and (b) information regarding plans for research, development, new products, marketing and selling, business plans, budgets and unpublished financial statements, licenses, prices and costs, suppliers and customers; and information regarding the skills and compensation of other employees of the Company.

Agreement ¶ 1.  The Agreement further provides:

> I agree further that for the period of my employment by the Company and for one (1) year after the date of termination of my employment by the Company, I will not (i) induce any employee

of the Company to leave the employ of the Company or (ii) solicit
business of any client or customer of the Company (other than on
behalf of the Company).

Agreement ¶ 7.

18.    Brogan executed the Proprietary Information and Inventions Agreement on January 22, 2004. The Agreement became effective on February 2, 2004, Brogan's first day of employment with Fortinet.

19.    As a Western Regional Sales Director, Brogan interacted with Fortinet's sales and marketing staff working on Fortinet's major accounts throughout the United States and internationally. Accordingly, Brogan had access on a daily basis to Fortinet's confidential employee and customer information, and to other proprietary and confidential information belonging to Fortinet. This included information about Fortinet's confidential software products and services, Fortinet's business plans, product roadmaps, customer information, and – given his position as a director – employee skill sets and salaries. Brogan was granted access to these categories of proprietary information during the period of his employment to facilitate the performance of his work-related duties.

20.    In August 2008, Brogan terminated his employment with Fortinet. Brogan now works at PAN, a direct competitor of Fortinet's. Since Brogan's employment at PAN, Fortinet is informed and believes, and on that basis alleges, that:

(a)    PAN, in collusion with Brogan, is soliciting and attempting to induce Fortinet employees to leave the employ of Fortinet through the misappropriation of Fortinet's confidential and proprietary employee data, and in direct violation of Brogan's agreement not to solicit employees of Fortinet for at least one year following the termination of his employment with Fortinet;

(b)    PAN, in collusion with Brogan, is soliciting customers of Fortinet through the improper use of Fortinet's confidential customer lists; and

(c)    PAN, in collusion with Brogan, is misappropriating Fortinet's proprietary

1    technical and/or business information for PAN's benefit and to Fortinet's

2    detriment.

3        21.    Fortinet is informed and believes, and on that basis alleges, that since Brogan left

4    Fortinet, PAN and Brogan have improperly attempted to solicit and induce several of Fortinet's

5    employees to leave Fortinet and join PAN.  On August 22, 2008 and September 15, 2008,

6    Fortinet sent letters to Brogan reminding him of his contractual obligations not to use Fortinet's

7    confidential information or trade secrets, and not to solicit Fortinet employees.  Brogan

8    subsequently called Fortinet to state that he intended to abide by his non-solicit agreement.  On

9    September 30, 2008, counsel for PAN made the same representation by letter to Fortinet.

10   Nevertheless, on November 18, 2008, Brogan e-mailed Fortinet employee Luca Simonelli to

11   inquire whether Simonelli was "looking to make a move from Fortinet."  He further stated:  "All

12   going REALLY well at Palo Alto . . . PAN is the real deal, unbelievable product, management,

13   marketing, support, customer acceptance, etc. . . . "  On information and belief, PAN and Brogan

14   have also wrongfully attempted to induce at least Patrick McHale, Jim Pickering, Charlie Cote,

15   Jim Criscuolo, Andre Stewart, and Karl Soderlund to leave Fortinet and join PAN in direct

16   contravention of the Agreement between Brogan and Fortinet and through misuse of Fortinet's

17   trade secret information regarding those employees.  Fortinet is further informed and believes,

18   and on that basis alleges, that Brogan and PAN are misappropriating Fortinet's information

19   regarding employee positions, skill sets, locations, salaries, bonuses, and wage structures.

20       22.    Fortinet is informed and believes, and on that basis alleges, that PAN and Brogan

21   have actively solicited, and are continuing to actively solicit, customers and prospective

22   customers that are listed in the Fortinet proprietary customer databases, which were obtained by

23   Brogan during his employment with Fortinet.  On information and belief, PAN and Brogan have

24   solicited customers through the wrongful disclosure of Fortinet's confidential technical

25   information, product roadmaps, and business plans.

26       23.    Loss of an existing customer means an immediate loss of revenue to Fortinet as

27   well as the loss of the investment of the time, effort and money that is devoted to developing a

28   prospect into an actual customer.  It often takes a year or more to develop a prospect into a client,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT                                           - 6 -                                    23938\1803137.2

1  and many prospects must be developed before even one turns into a customer.  To develop a

2  prospect, Fortinet must first determine whether a prospect is interested in Fortinet's products.

3  Then Fortinet must get access to the appropriate decision makers at the company, for example,

4  through referrals, social contacts, trade shows, or telephone calls.  Then, Fortinet typically makes

5  a general presentation about the advantages of Fortinet's high-tech products to these identified

6  decision makers.  Accordingly, the improper diversion of business from Fortinet to PAN through

7  misuse of Fortinet's proprietary information (or otherwise) represents a significant harm to

8  Fortinet.

9      24.   PAN's disregard for Fortinet's intellectual property rights is so pervasive, and its

10  desperation to compete with Fortinet is so profound, that PAN violates Fortinet's rights under at

11  least one patent.  PAN's continuing disregard of Fortinet's rights in its proprietary technology,

12  confidential information, and trade secrets has induced Fortinet to file the instant complaint.

13                    **FIRST CLAIM FOR RELIEF**

14              **[Infringement of U.S. Patent No. 7,376,125 Against PAN]**

15      25.   Fortinet adopts and incorporates by reference the allegations of paragraphs 1

16  through 24 above as if fully set forth herein.

17      26.   On May 20, 2008, the United States Patent and Trademark Office duly and legally

18  issued United States Patent No. 7,376,125 B1, entitled "Service Processing Switch" (the "'125

19  Patent"), to inventors Zahid Hussain and Tim Millet.

20      27.   Fortinet is the owner by assignment of all rights, title and interest in the '125

21  Patent.

22      28.   Fortinet is informed and believes and on that basis alleges that, in violation of 35

23  U.S.C. § 271, PAN has infringed and is infringing, directly, indirectly, contributorily and/or by

24  inducement, the '125 Patent by making, using, offering to sell, and/or selling its PA-4000 Series

25  products within the United States.

26      29.   On information and belief, PAN's infringement of the '125 Patent has been and

27  continues to be willful and deliberate and with full knowledge of said patent.

28      30.   On information and belief, PAN will continue to infringe the '125 Patent, and

1   Fortinet will be substantially and irreparably harmed as a result thereof, unless PAN's

2   infringement is enjoined by this Court.

3       31.   Fortinet has suffered damages as a result of PAN's infringement, and will continue

4   to do so unless PAN's infringement is enjoined by this Court.

5       WHEREFORE, Fortinet prays for relief as set forth below.

6                           **SECOND CLAIM FOR RELIEF**

7              **[Trade Secret Misappropriation Against PAN and Brogan]**

8       32.   Fortinet adopts and incorporates by reference the allegations of paragraphs 1

9   through 31 above as if fully set forth herein.

10      33.   Fortinet is the owner of trade secrets, including, but not limited to, the proprietary

11  technical information, employee information, customer lists and business plans described above.

12      34.   Fortinet's trade secrets constitute compilations of information that derive

13  independent economic value, actual and potential, from not being generally known or available to

14  the public or other persons who can obtain economic value from their disclosure or use.

15      35.   Fortinet's trade secrets have significant value to Fortinet, resulting from significant

16  investment of time and resources by Fortinet.

17      36.   Fortinet has made, and continues to make, efforts that are reasonable under the

18  circumstances to maintain the secrecy of its trade secrets, including, but not limited to, the

19  password protection of this information, the restriction of this information to employees on a

20  need-to-know basis, and the enforcement of contractual confidentiality and non-disclosure

21  agreements.

22      37.   Fortinet is informed and believes and thereupon alleges that Brogan (and thereby

23  PAN) acquired Fortinet's trade secrets by improper means, including, but not limited to, taking

24  and/or retaining these trade secrets in breach of the duties Brogan owed to Fortinet under the

25  Proprietary Information And Inventions Agreement.

26      38.   Fortinet is informed and believes and thereupon alleges that Brogan improperly

27  disclosed Fortinet's trade secrets to PAN without the express or implied consent of Fortinet,

28  resulting in, among other things, Defendants' attempted inducement of Fortinet employees to

1  leave Fortinet, Defendant's misappropriation of Fortinet's proprietary technical and business

2  plans, and Defendants' improper solicitation of Fortinet's customers.

3      39.    At the time Brogan and PAN acquired Plaintiff's trade secrets, they knew or had

4  reason to know that they had acquired them through improper means, including through

5  derogation of Brogan's contractual obligations to Fortinet.

6      40.    As a natural and proximate result of Defendants' misappropriation, Fortinet has

7  been deprived of the profits it would have obtained from sales that it would have made to

8  customers but for Defendants' misappropriation.

9      41.    The ongoing harm to Fortinet from Defendants' misappropriation and use of its

10  proprietary information, including its confidential employee data and customer databases, is

11  irreparable:  once revealed, these trade secrets cannot regain their secrecy.  Still more harm will

12  occur to Fortinet if Defendants are allowed to make further use of Fortinet's proprietary technical,

13  business, employee, and customer information.

14      42.    As a natural and proximate result of Defendants' misappropriation, Defendants

15  have been and will continue to be unjustly enriched, and Fortinet has been and will continue to

16  suffer damages.

17      43.    Defendants' misconduct was fraudulent, malicious, oppressive, and in willful

18  disregard of the rights of Fortinet.  Fortinet is therefore entitled to exemplary or punitive damages

19  against Defendants under California Civil Code § 3426.3, subdivision (c).  Fortinet is also entitled

20  to attorney fees and expenses under California Civil Code § 3426.4.

21      WHEREFORE, Fortinet prays for relief as set forth below.

22      **THIRD CLAIM FOR RELIEF**

23      **[Breach of Contract Against Brogan]**

24      44.    Fortinet adopts and incorporates by reference the allegations of paragraphs 1

25  through 43 above as if fully set forth herein.

26      45.    Fortinet is informed and believes, and on that basis alleges, that Brogan breached

27  his contractual obligations to Fortinet under the Proprietary Information And Inventions

28  Agreement by, for example, misappropriating Fortinet's confidential technical, customer, and

1     employee information and by subsequently using that proprietary information to Fortinet's

2     detriment (and PAN's benefit) by, for example, utilizing confidential Fortinet employee and

3     salary data in his attempts to solicit Fortinet employees, and using Fortinet's proprietary

4     technical, product, and business information in his attempts to solicit customers for PAN's

5     benefit.

6          46.     Fortinet has fully performed its obligations to Brogan under the Proprietary

7     Information and Inventions Agreement to the extent those obligations have not been excused by

8     Brogan's breaches thereof.

9          47.     As a direct and proximate result of Brogan's breaches of the Proprietary

10     Information And Inventions Agreement, and the facts alleged herein, Fortinet has incurred

11     damages according to proof, including unjust enrichment damages.

12          48.     Fortinet will be substantially and irreparably harmed as a result of Brogan's

13     continued violations of the Proprietary Information And Inventions Agreement, unless his

14     wrongdoing is enjoined by this Court.

15          WHEREFORE, Fortinet prays for relief as set forth below.

16                        **FOURTH CLAIM FOR RELIEF**

17               **[Intentional Interference with Contract Against PAN]**

18          49.     Fortinet adopts and incorporates by reference the allegations of paragraphs 1

19     through 48 above as if fully set forth herein.

20          50.     Effective February 2, 2004, Fortinet and Brogan entered into a Proprietary

21     Information And Inventions Agreement, pursuant to which Brogan agreed not to use or disclose

22     Fortinet's proprietary information and not to solicit Fortinet employees or customers.  Upon

23     information and belief, PAN became aware of this Agreement on or after Brogan accepted PAN's

24     offer of employment in August 2008.

25          51.     Upon information and belief, PAN induced Brogan to breach the Agreement by

26     inducing him to disclose Fortinet's proprietary information to it and to others, and by inducing

27     him to solicit Fortinet employees and customers.

28          52.     PAN engaged in wrongful conduct by intentionally disrupting Brogan's

1 | performance of, and by inducing his breach of, the Agreement.

2 | 53. PAN's acts were done with the intention of disrupting Brogan's contractual

3 | relationship with Fortinet.

4 | 54. As an actual and proximate result of PAN's conduct, Fortinet has been damaged in

5 | an amount to be proven at trial.

6 | 55. PAN's conduct was a substantial factor in causing Fortinet's harm.

7 | 56. In performing the acts described above, PAN acted willfully, maliciously,

8 | oppressively, with the intent to interfere with Fortinet's contractual interests and with conscious

9 | disregard for Fortinet's rights and the damages it would suffer thereby.

10 | WHEREFORE, Fortinet prays for relief as set forth below.

11 | **FIFTH CLAIM FOR RELIEF**

12 | **[Negligent Interference with Economic Advantage Against PAN]**

13 | 57. Fortinet adopts and incorporates by reference the allegations of paragraphs 1

14 | through 56 above as if fully set forth herein.

15 | 58. Effective February 2, 2004, Fortinet and Brogan entered into a Proprietary

16 | Information And Inventions Agreement, pursuant to which Brogan agreed not to use or disclose

17 | Fortinet's proprietary information and not to solicit Fortinet employees or customers. Upon

18 | information and belief, PAN became aware of this Agreement on or after Brogan accepted PAN's

19 | offer of employment in August 2008.

20 | 59. The Agreement created an economic relationship with the expectation of future

21 | economic benefit to Fortinet, and PAN was aware of this economic relationship.

22 | 60. PAN engaged in wrongful conduct by negligently disrupting the performance of,

23 | and by negligently inducing Brogan's breach of, the Agreement.

24 | 61. PAN's acts could not be performed without a direct effect on Fortinet's business,

25 | and such adverse effect was clearly foreseeable. PAN's actions caused harm to Fortinet's

26 | business, and proximately caused Brogan's breach of the Agreement.

27 | 62. PAN's conduct was a substantial factor in causing Fortinet's harm.

28 | 63. As an actual and proximate result of PAN's conduct, Fortinet has been damaged in

1    an amount to be proven at trial.

2       WHEREFORE, Fortinet prays for relief as set forth below.

3       **PRAYER FOR RELIEF**

4       WHEREFORE, Fortinet prays for relief as follows:

5       1.    For a judgment declaring that PAN has directly, indirectly, contributorily and/or

6          by inducement, willfully infringed United States Patent No. 7,376,125;

7       2.    For preliminary and permanent injunctions enjoining PAN and its officers,

8          directors, agents, servants, employees, attorneys, successors and assigns, and all

9          other persons acting in concert or participation with them, from infringing,

10      inducing others to infringe, or contributing to the infringement of United States

11      Patent No. 7,376,125;

12      3.    For an award of damages against PAN pursuant to 35 U.S.C. § 284; including

13      interest, adequate to compensate Fortinet for PAN's infringement of United States

14      Patent No. 7,376,125;

15      4.    For an award of enhanced damages against PAN pursuant to 35 U.S.C. § 284,

16      including interest, for PAN's willful and deliberate acts of infringement;

17      5.    For a judgment declaring this case exceptional under 35 U.S.C. § 285, and for an

18      award of attorneys' fees, costs and expenses;

19      6.    For preliminary and permanent injunctive relief to enjoin Defendants and their

20      agents, joint venturers, and any other person over whom Defendants, or any one of

21      them, have or has control, from disclosing or using any of Fortinet's proprietary

22      information, technical data, trade secrets or know-how, including but not limited to

23      Fortinet's confidential customer and employee information, in any way.

24      7.    For preliminary and permanent injunctive relief requiring Defendants and their

25      agents, joint venturers, and any other person over whom Defendants, or any one of

26      them, have or has control, to preserve and return to Fortinet:

27      (a) all confidential, proprietary or trade secret and employee information acquired

28      from Fortinet;

1      (b) all materials (in written, electronic or other form) containing any such trade

2           secret, confidential, or materials derived from such information; and

3      (c) all copies of such materials;

4    8.    For preliminary and permanent injunctive relief to enjoin Brogan from soliciting

5          any customer or employee of Fortinet for one year after the date of termination of

6          Brogan's employment with Fortinet, as mandated by the Proprietary Information

7          and Inventions Agreement, and to enjoin PAN from inducing Brogan to violate,

8          and from otherwise interfering with, Brogan's contractual obligations to Fortinet

9          under the Agreement;

10   9.    For restitution and disgorgement of monies acquired, costs avoided, or any other

11         benefits of any kind acquired by means of the acts alleged above;

12   10.   For actual damages, including, but not limited to, lost profits, according to proof at

13         trial;

14   11.   For exemplary and punitive damages;

15   12.   For pre-judgment and post-judgment interest;

16   13.   For an award of reasonable attorneys' fees and costs; and

17   14.   For such other and further relief as the Court may deem proper.

18

19   Dated: January 6, 2009                  FARELLA BRAUN + MARTEL LLP

20

21                                           By: _____

22                                               Andrew Leibnitz

23                                           Attorney for Plaintiff
                                             Fortinet, Inc.

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Fortinet, Inc. hereby demands

3    a trial by jury on all issues so triable.

4

5

6    Dated: January ___6___, 2009                       FARELLA BRAUN + MARTEL LLP

7

8                                                  By: _____
                                                      Andrew Leibnitz
9
                                                      Attorney for Plaintiff
10                                                    Fortinet, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT                                    - 14 -                          23938\1803137.2

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3    named parties, there is no such interest to report.

4

5    Dated: January __6__, 2009                          FARELLA BRAUN + MARTEL LLP

6

7
                                                          By: _____
8                                                             Andrew Leibnitz

9                                                             Attorney for Plaintiff
                                                              Fortinet, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28