MICHAEL A. LADRA, State Bar No. 64037
    Email: mladra@wsgr.com
JAMES C. YOON, State Bar No. 177155
    Email: jyoon@wsgr.com
STEFANI E. SHANBERG, State Bar No. 206717
    Email: sshanberg@wsgr.com
ROBIN L. BREWER, State Bar No. 253686
    Email: rbrewer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff and Counterclaim Defendant
FORTINET, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FORTINET, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., and PATRICK R. BROGAN, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO.: 09-CV-00036-RMW (PVT) <br><br> **PLAINTIFF FORTINET, INC.'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT LOCAL RULES 3-1 AND 3-6** <br><br> Date: April 23, 2010 <br> Time: 9:00 a.m. <br> Courtroom: 2, 5th Floor <br> Judge: Honorable Ronald M. Whyte |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 23, 2010, at 9:00 a.m. or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Ronald M. Whyte, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff and Counterclaim Defendant Fortinet, Inc. ("Fortinet") will and hereby moves for leave to supplement its infringement contentions for U.S. Patent No. 7,376,125 ("the '125 patent") and U.S. Patent No. 7,519,990 ("the '990 patent") pursuant to Patent Local Rules 3-1 and 3-6.  As the motion is unopposed, the parties do not believe that a hearing is necessary, but have noticed a hearing date in the event the Court prefers to hold a hearing..

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities set forth below, the accompanying declaration of Stefani E. Shanberg ("Shanberg Decl."), the pleadings and papers on file with the Court and all other matters properly before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

At the time that Defendant and Counterclaim Defendant Fortinet, Inc. ("Fortinet") prepared and served its disclosure of asserted claims and infringement contentions pursuant to Patent Local Rule 3-1 ("infringement contentions") for two of the four Fortinet patents asserted in this litigation—the '125 and the '990 patents—Fortinet did not have access to Defendant and Counterclaimant Palo Alto Networks, Inc.'s ("PAN") confidential information.  According to the agreed schedule between the parties and upon submission of a Proposed Stipulated Protective Order, PAN produced confidential technical documents and, shortly thereafter, PAN produced source code.  Fortinet worked diligently to retain technical experts to review and analyze PAN's source code and technical documents in order to timely supplement its infringement contentions. Accordingly, Fortinet has demonstrated good cause for supplementing its infringement contentions for the '125 and '990 patents pursuant to Patent Local Rule 3-6.  PAN does not oppose this motion.

## FACTUAL BACKGROUND

Fortinet initiated this case on January 6, 2009, asserting, among other claims, that PAN infringed the '125 patent by making, using, offering to sell, and/or selling the PA-2000 Series Firewalls and PA-4000 Series Firewalls. (Docket No. 1.) On February 17, 2009, PAN filed its answer and counterclaims alleging noninfringement and invalidity of the '125 patent. (Docket No. 10.) On March 9, 2009, Fortinet filed its reply to PAN's counterclaims. (Docket No. 11.)

During the pendency of this case, on April 14, 2009, the '990 patent issued to Fortinet. PAN also acquired U.S. Patent No. 6,912,272 ("the '272 patent"). Agreeing to amend the pleadings to include these recently obtained patents, the parties filed a stipulation and proposed order to amend the Complaint and Counterclaims on August 10, 2009. (Docket No. 21.) The Order was granted on August 11, 2009, and Fortinet's First Amended Complaint was entered on August 18, 2009. (Docket Nos. 22 and 23.) In the First Amended Complaint, Fortinet asserted, in addition to its previous claims, that PAN infringed the '990 patent. On September 4, 2009, PAN filed its answer to the First Amended Complaint and its amended counterclaims, alleging infringement of the '272 patent. (Docket No. 25.) Fortinet filed its reply to the amended counterclaims on September 21, 2009. (Docket No. 26.)

On October 13, 2009, the parties submitted a stipulated schedule for preliminary discovery and an early neutral evaluation/mediation. (Docket No. 30.) On October 26, 2009, the parties' stipulation was entered by this Court. (Docket No. 31.) Per that stipulation and order, the parties exchanged disclosures of asserted claims and infringement contentions pursuant to Patent Local Rule 3-1 and documents pursuant to Patent Local Rule 3-2 on November 9, 2009. Shanberg Decl. ¶ 3. On November 16, 2009, the parties exchanged confidential technical documents pursuant to Patent Local Rule 3-4(a). *Id.* ¶ 4. As the parties had not yet reached an agreement on a protective order, source code was not part of the initial November 16, 2009, production. *Id.* ¶ 5.

On December 15, 2009, the parties submitted their first Proposed Stipulated Protective Order. (Docket No. 34.) The parties' first Proposed Stipulated Protective Order was rejected by the Court on December 31, 2009. (Docket No. 36.) Per Judge Trumbull's Order, pending entry

1  of a final protective order, the parties are governed by the Northern District of California model
2  form protective order as modified by Judge Trumbull's Order.  On March 2, 2010, the parties
3  submitted a second Proposed Stipulated Protective Order in conformance with Judge Trumbull's
4  Order for approval by the Court.  (Docket No. 53.)  On January 8, 2010, PAN produced its
5  source code to Fortinet.  Shanberg Decl. ¶ 6.  Fortinet produced its source code to PAN on
6  January 12, 2010.  *Id*. ¶ 7.

7  On January 11, 2010, the parties filed a Stipulation requesting the Court grant Fortinet
8  leave to file a Second Amended Complaint alleging, in addition to the allegations in the First
9  Amended Complaint, patent infringement of U.S. Patent No. 7,580,974 ("the '974 patent") and
10 U.S. Patent No. 7,177,311 ("the '311 patent") by PAN.  (Docket No. 37.)  On January 21, 2010,
11 the Court approved the parties' Stipulation and allowed Fortinet leave to file its Second
12 Amended Complaint.  (Docket No. 41.)  Fortinet filed its Second Amended Complaint on
13 January 21, 2010, and PAN filed its Answer and Counterclaims on February 18, 2010.  (Docket
14 No. 44 and 51.)  On January 25, 2010, the parties participated in an early neutral
15 evaluation/mediation before Dr. A.J. Nichols.  Shanberg Decl. ¶ 8.

16 On February 11, 2010, Fortinet disclosed three technical consultants for approval under
17 the protective order.  *Id*. ¶ 9.  PAN approved the technical consultants on February 17, 2010.  *Id*.
18 ¶ 10.  Pursuant to the parties' agreed upon schedule in the Subsequent Joint Case Management
19 Statement and Proposed Order, Fortinet served its Disclosure of Asserted Claims and
20 Infringement Contentions Pursuant to Patent Local Rule 3-1 for the '311 and '974 patents on
21 March 5, 2010.  *Id*. ¶ 11.

22 On March 4, 2010, counsel for Fortinet met and conferred with counsel for PAN
23 concerning Fortinet's motion to supplement its infringement contentions for the '125 and '990
24 patents.  *Id*. ¶ 12.  PAN does not oppose this motion.  *Id*. ¶ 13.

25
26
27
28

# ARGUMENT

## I. FORTINET HAS GOOD CAUSE FOR SUPPLEMENTING ITS INFRINGEMENT CONTENTIONS FOR THE '125 AND '990 PATENTS

### A. Legal Standard.

Pursuant to Patent Local Rule 3-6, "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." P.L.R. 3-6. "[E]xamples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include…(c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.* The good cause requirement of the patent local rules requires "a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006); *see also*, *The Bd. of Tr. of the Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc.*, 2008 WL 624771, at *2 (N.D. Cal. 2008) ("This inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party.").

### B. Fortinet Has Acted Diligently in Moving to Supplement Its Infringement Contentions for the '125 and '990 Patents.

At the time Fortinet served its infringement contentions for the '125 and '990 patents on November 6, 2009, Fortinet did not have access to confidential information about the accused products and, therefore, based its infringement contentions on public documents. Fortinet received confidential technical documents on November 16, 2009 and source code on January 8, 2010.

Following the parties' unsuccessful early neutral evaluation and mediation on January 25, 2010, Fortinet identified technical consultants to assist it in the review and analysis of the confidential information it had received regarding the accused products. On February 11, 2010, Fortinet disclosed three technical experts to PAN, which PAN approved on February 17, 2010. Fortinet makes this motion to supplement its infringement contentions just over three weeks after

...

1  receiving approval for its experts to review PAN's confidential information.

2  Fortinet has good cause under Patent Local Rule 3-6(c), as there was "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions" in this case. Fortinet has worked diligently to retain technical experts and review PAN's source code and technical documents in order to timely supplement its infringement contentions in light of the recently produced information.[1]

### C. PAN Is Not Prejudiced by This Supplementation.

There is no prejudice to PAN by this supplementation, as evidenced by the fact that PAN does not oppose this motion. Furthermore, this case is still in the early stages of discovery, and a date for trial has yet to be set.

## CONCLUSION

For the foregoing reasons, Fortinet respectfully requests that the Court grant Plaintiff Fortinet, Inc.'s Unopposed Motion for Leave to Supplement Plaintiff Fortinet Inc.'s Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3-1 and 3-6 for the '125 and '990 patents.

Dated: March 15, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:      /s/ Stefani E. Shanberg
         Stefani E. Shanberg

Attorneys for Plaintiff and Counterclaim Defendant
FORTINET, INC.

---

[1] Discovery is in the early stages and Fortinet expects that additional relevant information will be uncovered, leading Fortinet to again request leave to supplement its infringement contentions for the asserted patents. Fortinet may also wish to seek leave to supplement its infringement contentions following a claim construction order for the asserted patents.