**E-FILED on**   9/28/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTINET, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>    Defendants. | No. C-09-00036 RMW<br><br>ORDER CONSTRUING CLAIMS OF THE '272 PATENT AND GRANTING FORTINET'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '272 PATENT<br><br>**[Re Docket Nos. 46, 67]** |

    Palo Alto Networks, Inc. ("PAN") alleges that Fortinet, Inc. ("Fortinet")'s products infringe claims 1, 4, 6, 14, 26, 43, 49, 50, 64, 68, and 78 of United States Patent No. 6,912,272 ("'272 Patent"). The parties seek construction of claim language in the '272 Patent, and Fortinet moves for summary judgment that the accused products do not infringe the asserted claims of the '272 Patent. The court held a tutorial and claim construction hearing on July 20, 2010. After consideration of the claims, specification, prosecution history, and other relevant evidence, and after hearing the argument of the parties, the court construes the disputed claim language in the '272 Patent as set forth below. In addition, for the reasons set forth below, the court grants Fortinet's motion for summary judgment of non-infringement.

## I. BACKGROUND

The '272 Patent teaches a method and system for routing communications. Generally, the claimed invention involves: (1) receiving a communication having content for an unknown destination, (2) assigning values from predetermined value sets to the communication based on the content of the communication, (3) selecting a destination based on the values assigned, and (4) transferring the communication to the selected destination. The accused products are unified threat management ("UTM") applications, which provide networking and security functions, including firewall, virtual private network ("VPN"), traffic shaping, intrusion protection, antivirus, antispyware, antimalware, web filtering, antispam, application control, voice over IP ("VoIP") support, layer 2/3 routing, and multiple wide area network ("WAN") interface options.

## II. CLAIM CONSTRUCTION

The parties have come to an agreement that "translational language," as used in the '272 Patent, should be construed as a matrix (e.g. a list) that can be used to determine the destination for a communication. Their proposed claim constructions for the disputed claim language in the '272 Patent are set forth below:

| CLAIM LANGUAGE | FORTINET'S PROPOSED CONSTRUCTION | PAN'S PROPOSED CONSTRUCTION |
|---|---|---|
| "communication" | Call. | Plain meaning. |
| "unknown destination" | Unspecified destination. | A destination that has not yet been determined. |
| "display"/"present" | Make visible to a human user. | Plain meaning. |

For illustrative purposes, claim 1 is set forth below, with the disputed claim terms in bold:

> A method for managing **communications** comprising the steps of:
>   receiving a **communication** having content for an **unknown destination**;
>   **displaying** and assigning one or more of a plurality of values from a predetermined
>     value set to each of one or more of a plurality of predetermined characteristics
>     corresponding respectively to the value sets and relating to the content of the
>     **communication**;
>   selecting a destination base [sic] on the values assigned in said assignment step; and
>   transferring the **communication** to the destination selected in said selecting step.

'272 Patent 12:59-13:4 (emphasis added).

### A. "Communication"

Fortinet argues that "communication," as used in the '272 Patent, is limited to calls, while PAN contends that the patent imposes no such limitation, and "communication" should be understood as having its ordinary meaning. In light of how "communication" is used in the patent as a whole, the court agrees with PAN.

The words of the claims themselves shed little light on whether "communication" is limited to calls or can include other types of communication. According to Fortinet, the fact that claim 24, a dependent claim of claim 1, refers to "said call destination" when claim 1 only discusses how to determine the destination for a communication shows that "call" and "communication" are used interchangeably. *See* '272 Patent 12:59-13:4 (claim 1), 14:9-11 (claim 24). While this claim language is consistent with Fortinet's interpretation, it is also consistent with dependent claim 24 merely having a narrower scope than claim 1 (claim 24 being limited to calls, whereas claim 1 includes all communications).

The specification is the "single best guide to the meaning of the disputed term." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005). The court thus looks to the specification for guidance as to how "communication" should be construed. The specification states that "[t]he classification method can be used for managing *any type of communication*. For example, the invention can be used to classify and/or route facsimile messages or other printed documents, electronic mail messages, instant electronic messages, or any other human readable or computer readable communication." '272 Patent 12:32-38 (emphasis added). The patentee thus expressly disclosed to the public that the "communication" referred to in the claimed invention includes "any type of communication," including facsimiles, printed documents, e-mail, instant messages, and more. *Id.* Further driving this point home, the specification refers to an embodiment using a "textual communication" and explains that "[r]outing of communications can be accomplished over electronic channels or through physical transportation of the communication." *Id.* at 12:40, 44-46. Construing "communication" to mean "call" would exclude such textual communications and communications that are routed through physical transportation, such as paper documents.

Fortinet contends that the claimed invention is limited to routing of calls because the "Field of the Invention" section of the specification states that "[t]he invention relates generally to management of telecommunications calls and more specifically to a method and apparatus for routing and managing telecommunications calls and for developing rules for accomplishing the same." '272 Patent 1:9-12. This statement only asserts that the invention *relates* to management of telecommunications calls and does not assert that it is *limited* to management of telecommunications calls. Moreover, even if this statement, standing alone, could be read as suggesting that the patentee only contemplated use of the invention for telecommunications calls, this statement should be read in the context of the patent as a whole. Elsewhere in the specification, the patent refers to "the management and routing of communications, such as telecommunications calls." *Id.* at 4:1-2. This usage suggests that "communications," as used in the patent, is not limited to telecommunications calls. In the context of the patent as a whole, particularly in light of the express statement that the invention can be used for "any type of communication," the statement in the "Field of the Invention" section is insufficient to limit the meaning of "communication" to calls. *See Martek Biosciences Corp. v. Nurtinova, Inc.*, 579 F.3d 1363, 1380, 1383 (Fed. Cir. 2009) (finding that patentee's explicit definition of a claim term controls even when language in the "Field of the Invention" section suggests a more limited claim scope).

The fact that the preferred (and only) embodiment described in the patent deals with routing of telephone calls does not suggest that the claimed invention is limited to the management of calls. "[I]t is improper to read limitations from a preferred embodiment described in the specification – even if it is the only embodiment – into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004). In this case, not only is there no clear indication that the patentee sought to limit the claims to calls, the specification expressly states that the invention can be used for managing "any type of communication." '272 Patent 12:32-38. Additionally, with regard to the preferred embodiment, the specification states, "[t]he invention has been described through a preferred embodiment. However, the embodiment is not intended to be limiting to the scope of the invention as defined by the appended claims and legal equivalents." *Id.* at 12:54-57.

United States District Court
For the Northern District of California

1    Fortinet argues that if "communication," as used in the '272 Patent, is not limited to calls, the
2 patent would be invalid for lack of the required enabling disclosure.  Though the court recognizes
3 the maxim that claims should be construed to preserve their validity, the Federal Circuit has
4 indicated that this principle should not be applied broadly and should be limited to cases where a
5 claim remains ambiguous even after the court has applied all available tools of claim construction.
6 *Phillips*, 415 F.3d at 1327; *see also Liebel-Flarsheim*, 358 F.3d at 911 ("unless the court concludes,
7 after applying all the available tools of claim construction, that the claim is still ambiguous, the
8 axiom regarding the construction to preserve the validity of the claim does not apply").  In this case,
9 the specification makes clear that "communication" has its ordinary and customary meaning.  Hence,
10 for the purposes of claim construction, the court need not determine whether such a construction
11 would render the claims invalid.

12    The court finds that "communication" has its ordinary and customary meaning and is not
13 limited to calls.  Because the plain meaning is sufficiently clear from the claim language, there is no
14 need for construction of this term.

15    **B.    "Unknown Destination"**

16    Fortinet proposes construing "unknown destination" as an unspecified destination, while
17 PAN advocates construing it to mean a destination that has not yet been determined.  In other words,
18 the parties dispute whether "unknown" refers to: (1) the fact that the communication does not
19 identify a specific final destination intended by the sender, as Fortinet contends, or (2) the fact that
20 the system receiving the communication has not yet determined where the communication will
21 ultimately be sent, as PAN contends.  The court agrees with Fortinet.

22    Neither the claim language, nor the specification provide much guidance as to the meaning of
23 "unknown destination."  The claims discuss a process by which the system receiving the
24 communication determines where the communication will ultimately be sent, but they do not clarify
25 whether the claimed invention encompasses the process for making such determinations when the
26 sender of the communication has requested a specific final destination.  The specification is also
27 unhelpful, as the phrase "unknown destination" is never used, much less defined, in the
28 specification.

The prosecution history, however, makes clear that an "unknown destination" is an unspecified destination, meaning the communication does not identify a specific final destination intended by the sender. "The prosecution history limits the interpretation of claim terms so as to exclude any interpretation that was disclaimed during prosecution." *Southwall Techs. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995). During the prosecution of the '272 Patent, the examiner had initially rejected the majority of the claims as anticipated by United States Patent No. 5,757,904 ("Anderson reference"). The applicant sought to distinguish the disclosed invention from the prior art Anderson reference by arguing that the Anderson reference "relate[s] to situations in which the caller has already specified the destination by requesting a specific person." Dkt. No. 47 Ex. B at PAN000178. In an interview with the examiner, the applicant "identified the difference, non-specific requests, between the disclosed invention and Anderson. Examiner suggested that the claims be amended to recite 'unknown destinations' for overcoming the prior art of record." *Id.* at PAN000231. Based on this conversation, the applicant amended the claims to recite the "unknown destination" limitation in order to overcome the Anderson prior art. *Id.* at PAN000226. Hence, the patentee has expressly limited the scope of the claims to situations where the sender has not made a specific request regarding the intended final destination for the communication. The court therefore construes "unknown destination" as an unspecified final destination.[1]

### C.     "Display"/"Present"

The parties appear to agree that "display" and "present" mean to make visible to a human user. The only dispute is whether this meaning is sufficiently clear from the claim language, as PAN contends, or requires clarification, as asserted by Fortinet. The court finds that clarifying the meaning of "display" and "present" may be helpful to the jury and thus construes "display" and "present" as make visible to a human user.

---

[1] The court adds the word "final" to Fortinet's proposed construction in order to clarify that the claims encompass situations where the sender has identified a general or intermediary destination, such as the number of a customer service hotline, but has not identified the intended final destination, such as a particular individual or department.

United States District Court
For the Northern District of California

### III. NON-INFRINGEMENT

Fortinet argues that the accused products do not infringe the '272 Patent because the "unknown destination" limitation is not met.[2] Each of the asserted claims in the '272 Patent contains this "unknown destination" limitation, which requires determining how to route "a communication having content for an unknown destination." *See, e.g.*, '272 Patent 12:61-62. According to PAN, the accused Fortinet products meet this "unknown destination" limitation because part of their functionality "is to ensure that certain communications (e.g. spam emails) *are not* delivered to the specified addressee." Dkt. No. 81 at 3-4.

As discussed above, the court construes "unknown destination" to mean an unspecified final destination, meaning the communication has not identified a specific final destination intended by the sender. It is undisputed that the accused products do not determine how to route communications for which a specific final destination intended by the sender has not been identified. In dealing with spam emails, for example, Fortinet's products determine whether or not to send a communication to the requested final destination specified by the sender (the "to" address in the email) based on security or junk mail concerns. The fact that the accused products may choose not to send a communication to the specific final destination intended by the sender does not change the fact that the communication has a known destination. Because Fortinet's products do not meet the "unknown destination" limitation, they do not infringe any of the asserted claims in the '272 Patent.

### IV. ORDER

For the foregoing reasons, the court construes the claim language as set forth below and grants Fortinet's motion for summary judgment that the accused products do not infringe claims 1, 4, 6, 14, 26, 43, 49, 50, 64, 68, and 78 of the '272 Patent.

| CLAIM LANGUAGE | CONSTRUCTION |
| --- | --- |
| "communication" | Plain meaning (no construction needed). |
| "unknown destination" | Unspecified final destination. |
| "display"/"present" | Make visible to a human user. |

---

[2] Fortinet also makes other non-infringement arguments, which the court need not address due to the finding that the "unknown destination" limitation has not been met.

| CLAIM LANGUAGE | CONSTRUCTION |
|---|---|
| "translational language" | A matrix (e.g. a list) that can be used to determine the destination for a communication |

DATED: 9/28/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge