E-FILED on   10/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTINET, INC., <br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　Defendants. | No. C-09-00036 RMW <br><br> ORDER CONSTRUING CLAIMS OF THE '974 PATENT, GRANTING PAN'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, AND DENYING PAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY<br><br>**[Re Docket Nos. 67, 119, 123]** |

　　　　Fortinet, Inc. ("Fortinet") alleges that Palo Alto Networks, Inc. ("PAN")'s PA-4000, PA-2000, and PA-500 Series Firewalls infringe claims 1 through 5 of United States Patent No. 7,580,974 ("'974 Patent"). The parties seek construction of claim language in the '974 Patent. PAN moves for summary judgment that the accused products do not infringe the asserted claims of the '974 Patent and that the '974 Patent is invalid. The court held a tutorial and claim construction hearing on July 20, 2010. After consideration of the claims, specification, prosecution history, and other relevant evidence, and after hearing the argument of the parties, the court construes the disputed claim language in the '974 Patent as set forth below. In addition, for the reasons set forth

below, the court grants the motion for summary judgment of non-infringement and denies the motion for summary judgment of invalidity.

## I. BACKGROUND

This case deals with firewall technology. Firewalls control network traffic traveling between networks or zones of different trust levels, such as between the Internet and a local area network ("LAN"). Dkt. No. 146 ¶ 12. In order to protect a LAN from undesirable content, such as viruses and spam, firewalls analyze incoming and outgoing network traffic. *Id.* ¶ 15. Network traffic consists of packets of data. Because analyzing each individual packet can be expensive, some firewalls will analyze a flow or a session. *Id.* ¶ 30. A flow consists of all packets having the same source and the same endpoint. *Id.* A session consists of two flows, one including all packets having source A and endpoint B, and the other including all packets having source B and endpoint A. *Id.*

The '974 Patent teaches a system and method for classifying content of computer and network traffic that uses knowledge acquired from earlier packets in a session to eliminate potential states of classification for later packets. Claim 1 of the '974 Patent is set forth below:

> A method for determining a type of content, comprising:
>   receiving a first packet of a session;
>   determining an unknown state classification with regard to a potential
>     classification for the session based on a determined unknown state
>     classification with regard to the potential classification for the first packet;
>   receiving a second packet of the session;
>   determining a known state of classification with regard to the potential
>     classification for the session based at least in part on the determined unknown
>     state with regard to the potential classification for the first packet and on a
>     determined known state classification with regard to the potential classification
>     for the second packet; and
> wherein:
>   the determined state of classification of the first packet further indicates that
>     the first packet and the session have been determined not to be an other state
>     of classification; and
>   the state of classification for the second packet is determined by eliminating
>     the
>     other state of classification as a potential classification candidate for the
>     second packet.

'974 Patent 11:5-27.
ORDER CONSTRUING CLAIMS OF THE '974 PATENT, GRANTING PAN'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, AND DENYING PAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY —No. C-09-00036 RMW
CCL 2

## II. CLAIM CONSTRUCTION

The parties agree that "second packet," as used in the '974 Patent, refers to a packet that is subsequent to the first packet analyzed. Their proposed claim construction for the disputed claim language in the '974 Patent is set forth below:

| CLAIM LANGUAGE | FORTINET'S PROPOSED CONSTRUCTION | PAN'S PROPOSED CONSTRUCTION |
|---|---|---|
| "eliminating the other state of classification as a potential classification candidate" | Eliminating the other state of classification from consideration. | Eliminating the other state of classification from consideration and thereby not considering all potential classifications that otherwise could be considered. |

It does not appear that there is any dispute over the actual meaning of "eliminating the other state of classification as a potential classification candidate." The parties agree that the eliminated state of classification was initially a potential classification candidate and, once eliminated, is no longer considered. The court finds that this undisputed meaning is clear from the claim language, and thus the claim language does not need construction.

## III. NON-INFRINGEMENT

Each of the asserted claims in the '974 Patent contains the following limitation:

> the determined state of classification of the first packet further indicates that the first packet and the session have been determined not to be an other state of classification; and
> the state of classification for the second packet is determined by eliminating the other state of classification as a potential classification candidate for the second packet.

'974 Patent 11:20-27. PAN refers to this as the "eliminating" limitation and argues that the accused products do not infringe the '974 Patent because this limitation is not met.

The asserted claims require: (1) first determining that the first packet and the session are not a particular "other state of classification" (such as a specific type of application) and then (2) classifying the second packet by eliminating this "other state of classification" from consideration. *Id.* This sequential limitation – requiring identification of the non-candidate *before* classification of the second packet – is clear from the claim language. The claims recite classification of the second packet "by eliminating *the other state of classification* as a potential classification candidate." *Id.* at

11:25-26 (emphasis added). In the context of the claims, it is clear that the phrase "the other state of classification" refers to the potential classification candidate that the system has ruled out for the first packet and the session. *Id.* at 11:20-27. Accordingly, the system must first determine that the first packet and the session cannot be a particular "other state of classification" (such as a specific type of application) before moving on to classify the second packet. After all, in order to eliminate a non-candidate from consideration, the system must first identify the non-candidate.

There is no factual dispute regarding the method employed by the accused products to classify network traffic by application type. 

ORDER CONSTRUING CLAIMS OF THE '974 PATENT, GRANTING PAN'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, AND DENYING PAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY —No. C-09-00036 RMW
CCL

[redacted block, lines 1–9]

As discussed above, the asserted claims require: (1) determining that the first packet and the session are not a particular "other state of classification" prior to classification of the second packet, and (2) classification of the second packet by eliminating the pre-identified "other state of classification." Because the accused products do not meet this limitation, they do not infringe any of the asserted claims in the '974 Patent.[1]

## IV. INVALIDITY

PAN also seeks summary judgment that claims 1 through 5 of the '974 Patent are invalid as anticipated by United States Patent No. 7,664,048 ("'048 Patent"). The '048 Patent was filed on November 24, 2003. Fortinet claims a priority date for the '974 Patent that is no earlier than February 16, 2006. Dkt. No. 120 Ex. A at 2. Therefore, if each and every limitation of claims 1 through 5 of the '974 Patent is disclosed by the '048 Patent, then these claims are invalid as anticipated. *See Celeritas Techs., Ltd. v. Rockwell Int'l Corp.*, 150 F.3d 1354, 1361 (Fed. Cir. 1998) ("a claim is anticipated if each and every limitation is found either expressly or inherently in a single prior art reference").

Each of the asserted claims of the '974 Patent requires:

---

[1] In opposing PAN's motion for summary judgment, Fortinet did not argue that the accused products infringed under the doctrine of equivalents, nor did its original infringement contentions adequately assert the doctrine of equivalents. Therefore, the court does not address this issue in granting summary judgment. Fortinet can raise the doctrine of equivalents only if it is allowed to amend its infringement contentions.

determining a known state of classification with regard to the potential classification for the session based at least in part on the determined unknown state with regard to the potential classification for the first packet and on **a determined known state classification with regard to the potential classification for the second packet**.

'974 Patent 11:13-18 (emphasis added). As pointed out in Fortinet's opposition to PAN's motion for summary judgment of invalidity, PAN has failed to identify how the '048 Patent discloses the bolded limitation above. PAN did not attempt to address this issue in its reply, nor did it address this issue at the hearing on July 20, 2010. Because PAN has failed to carry its burden of establishing that this limitation is disclosed in the '048 Patent, the court denies its motion for summary judgment of invalidity.

## V. ORDER

For the foregoing reasons, the court construes the claim language as set forth below, grants PAN's motion for summary judgment that the accused products do not infringe the asserted claims of the '974 Patent, and denies PAN's motion for summary that the '974 Patent is invalid.

| CLAIM LANGUAGE | CONSTRUCTION |
| --- | --- |
| "eliminating the other state of classification as a potential classification candidate" | Plain meaning (no construction needed). |
| "second packet" | A packet that is subsequent to the first packet analyzed. |

DATED: 10/8/10

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER CONSTRUING CLAIMS OF THE '974 PATENT, GRANTING PAN'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT, AND DENYING PAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY —No. C-09-00036 RMW
CCL
6