**E-FILED on** __11/5/10__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FORTINET, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendants. | No. C-09-00036 RMW <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO SUPPLEMENT AND AMEND INFRINGEMENT CONTENTIONS <br><br> **[Re Docket Nos. 166, 182]** |

Fortinet, Inc. ("Fortinet") moves for leave to supplement and amend its infringement contentions. For the reasons set forth below, the court grants the motion in part and denies the motion in part.

## I. BACKGROUND

Fortinet brings this suit against Palo Alto Networks, Inc. ("PAN"), alleging infringement of United States Patent No. 7,376,125 ("'125 Patent"), United States Patent No. 7,177,311 ("'311 Patent"), United States Patent No. 7,519,990 ("'990 Patent"), and United States Patent No. 7,580,974 ("'974 Patent"), among other claims. PAN brings various counterclaims against Fortinet, including allegations of infringement of United States Patent No. 6,912,272 ("'272 Patent").

1    Fortinet served its initial infringement contentions for the '125 and '990 Patents on November
2    9, 2009.  In January 2010, Fortinet received PAN's source code for the accused products.  On March
3    5, 2010, Fortinet served its infringement contentions for the '311 and '974 Patents.  On April 10,
4    2010, Fortinet served supplemental infringement contentions for the '125 and '990 Patents.  In May
5    2010, Fortinet received 50,000-plus pages of technical documentation from PAN regarding the
6    accused products.  On June 4, 2010, Fortinet conducted its 30(b)(6) deposition of PAN.  Fortinet
7    now seeks leave to supplement and amend its infringement contentions for all of the patents in suit.

## II.  ANALYSIS

Patent Local Rule 3-6 provides that amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause."  Absent undue prejudice to the non-moving party, one of the circumstances that support a finding of good cause is "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."  Patent L.R. 3-6.

Fortinet represents that the reason it seeks to supplement and amend its infringement contentions is that it could not understand the software and hardware configuration of PAN's products before it had received the 50,000-plus pages of technical documentation from PAN in May 2010 and conducted its 30(b)(6) deposition of PAN on June 4, 2010.  It appears that Fortinet was not able to discover certain nonpublic information about the accused products, despite its diligent discovery efforts, until May and June of this year.  Fortinet filed its motion for leave to supplement and amend its infringement contentions on July 9, 2010.  In light of the relatively early stage of this case, the court finds that PAN would not be unduly prejudiced by permitting some amendment of Fortinet's infringement contentions at this time.

Fortinet seeks to amend its infringement contentions for the '974 Patent to include a doctrine of equivalents theory of infringement.  Fortinet did not argue that the accused products infringed under the doctrine of equivalents in opposing PAN's motion for summary judgment of non-infringement of the '974 Patent.  Moreover, Fortinet concedes that its doctrine of equivalents theory, as stated in the proposed amendments to the '974 Patent, is inadequate.  At the hearing on October 15, 2010, Fortinet was unable to articulate how it could amend its infringement contentions to assert

*United States District Court*
*For the Northern District of California*

1 a viable doctrine of equivalents theory of infringement.  The court therefore denies Fortinet's motion 2 for leave to amend its '974 Patent infringement contentions to assert a doctrine of equivalents theory 3 of infringement.

4     Fortinet also seeks to amend its infringement contentions for the '990 Patent to include a 5 doctrine of equivalents theory of infringement.  In opposing PAN's motion for summary judgment, 6 Fortinet did not argue that the accused products infringed under the doctrine of equivalents.  Neither 7 its original infringement contentions, nor the proposed amendments, adequately assert the doctrine 8 of equivalents.  The court therefore denies Fortinet's motion for leave to amend its '990 Patent 9 infringement contentions to assert a doctrine of equivalents theory of infringement.

## III.  ORDER

11     For the foregoing reasons, the court denies Fortinet's motion to the extent it seeks leave to 12 amend its '974 Patent infringement contentions to assert a doctrine of equivalents theory of 13 infringement and to the extent it seeks leave to amend its '990 Patent infringement contentions to 14 assert a doctrine of equivalents theory of infringement.  In all other respects, Fortinet's motion for 15 leave to supplement and amend its infringement contentions is granted.

18 DATED:     11/5/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO SUPPLEMENT AND AMEND INFRINGEMENT CONTENTIONS —No. C-09-00036 RMW
CCL                                                              3