MICHAEL A. LADRA (St. Bar No. 64037)
  Email: mladra@wsgr.com
JAMES C. YOON (St. Bar No. 177155)
  Email: jyoon@wsgr.com
STEFANI E. SHANBERG (St. Bar No. 206717)
  Email: sshanberg@wsgr.com
ROBIN L. BREWER (St. Bar No. 253686)
  Email: rbrewer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

RAGESH K. TANGRI (St. Bar No. 159497)
  Email: rtangri@durietangri.com
DARALYN J. DURIE (St. Bar No. 169825)
  Email: ddurie@durietangri.com
RYAN M. KENT (St. Bar No. 220441)
  Email: rkent@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 326-6300

Attorneys for Plaintiff and Counterclaim
Defendant FORTINET, INC.

Attorneys for Defendants and Counterclaim
Plaintiffs PALO ALTO NETWORKS, INC.
AND PATRICK BROGAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FORTINET, INC., | CASE NO.: 09-CV-00036-RMW (PVT) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| PALO ALTO NETWORKS, INC., and PATRICK R. BROGAN, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to this Court's Order re Parties' Proposed Form of Protective Order issued on December 31, 2009, Plaintiff and Counterclaim Defendant Fortinet, Inc. ("Fortinet") and Defendant and Counterclaim Plaintiff Palo Alto Networks, Inc. ("Palo Alto Networks") and Defendant Patrick R. Brogan ("Brogan") (collectively Palo Alto Networks and Brogan are "Defendants") hereby submit the following Proposed Stipulated Protective Order which the parties believe is consistent with the Order of this Court.

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards

1    developed under F.R.Civ.P. 26(c).

2            2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

3    extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

4    non-party would create a substantial risk of serious injury that could not be avoided by less

5    restrictive means.

6            2.5    <u>"Highly Sensitive – Source Code" Information or Items</u>: extremely

7    sensitive computer source code, executable code, microcode, RTL, HDL, or other hardware

8    description language whose disclosure to another Party or non-party would create a substantial

9    risk of serious injury that could not be avoided by less restrictive means and that qualifies for

10   protection under standards developed under F.R.Civ.P. 26(c).

11           2.6    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

12   from a Producing Party.

13           2.7    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

14   Discovery Material in this action.

15           2.8    <u>Designating Party</u>: a Party or non-party that designates information or

16   items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

17   Confidential — Attorneys' Eyes Only."

18           2.9    <u>Protected Material</u>: any Disclosure or Discovery Material that is

19   designated as "Confidential," as "Highly Confidential – Attorneys' Eyes Only," or as "Highly

20   Sensitive – Source Code."

21           2.10   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

22   retained to represent or advise a Party in this action.

23           2.11   <u>House Counsel</u>:  attorneys who are employees of a Party.

24           2.12   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well

25   as their support staffs).

26           2.13   <u>Expert</u>: a person with specialized knowledge or experience in a matter

27   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

28   witness or as a consultant in this action and who is not a past or a current employee of a Party or

1   of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

2   employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

3   trial consultant retained in connection with this litigation.

4            2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support

5   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

6   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

7   subcontractors.

8        3.    <u>SCOPE</u>

9        The protections conferred by this Stipulation and Order cover not only Protected Material

10  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

11  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

12  parties or counsel to or in court or in other settings that might reveal Protected Material.

13       4.    <u>DURATION</u>

14       Even after the termination of this litigation, the confidentiality obligations imposed by

15  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

16  order otherwise directs.

17       5.    <u>DESIGNATING PROTECTED MATERIAL</u>

18            5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

19  Each Party or non-party that designates information or items for protection under this Order must

20  take care to limit any such designation to specific material that qualifies under the appropriate

21  standards.  A Designating Party must take care to designate for protection only those parts of

22  material, documents, items, or oral or written communications that qualify – so that other

23  portions of the material, documents, items, or communications for which protection is not

24  warranted are not swept unjustifiably within the ambit of this Order.

25            Mass, indiscriminate, or routinized designations are prohibited.  Designations that

26  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

27  unnecessarily encumber or retard the case development process, or to impose unnecessary

28  expenses and burdens on other parties), expose the Designating Party to sanctions.

1    If it comes to a Party's or a non-party's attention that information or items that it

2    designated for protection do not qualify for protection at all, or do not qualify for the level of

3    protection initially asserted, that Party or non-party must promptly notify all other parties that it

4    is withdrawing the mistaken designation.

5    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

6    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

7    ordered, material that qualifies for protection under this Order must be clearly so designated

8    before the material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a)    <u>for information in documentary form</u> (apart from transcripts of

11    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

12    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

13    of each page that contains protected material.  If only a portion or portions of the material on a

14    page qualifies for protection, the Producing Party also must clearly identify the protected

15    portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

16    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

17    CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18    A Party or non-party that makes original documents or materials available

19    for inspection need not designate them for protection until after the inspecting Party has

20    indicated which material it would like copied and produced.  During the inspection and before

21    the designation, all of the material made available for inspection shall be deemed "HIGHLY

22    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

23    the documents it wants copied and produced, the Producing Party must determine which

24    documents, or portions thereof, qualify for protection under this Order, then, before producing

25    the specified documents, the Producing Party must affix the appropriate legend

26    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the

27    top of each page that contains Protected Material.  If only a portion or portions of the material on

28    a page qualifies for protection, the Producing Party also must clearly identify the protected

1   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

2   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

3   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

4                           (b)      for testimony given in deposition or in other pretrial or trial

5   proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

6   record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

7   and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY" or as "HIGHLY SENSITIVE – SOURCE CODE."  When it is

9   impractical to identify separately each portion of testimony that is entitled to protection, and

10  when it appears that substantial portions of the testimony may qualify for protection, the Party or

11  non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

12  deposition or proceeding is concluded) a right to have up to 20 days to identify the specific

13  portions of the testimony as to which protection is sought and to specify the level of protection

14  being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY," or "HIGHLY SENSITIVE – SOURCE CODE").  Only those portions of the testimony

16  that are appropriately designated for protection within the 20 days shall be covered by the

17  provisions of this Stipulated Protective Order.

18                           Transcript pages containing Protected Material must be separately bound

19  by the court reporter, who must affix to the top of each such page the legend

20  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

21  "HIGHLY SENSITIVE – SOURCE CODE," as instructed by the Party or non-party offering or

22  sponsoring the witness or presenting the testimony.

23                           (c)      for information produced in some form other than documentary,

24  and for any other tangible items, that the Producing Party affix in a prominent place on the

25  exterior of the container or containers in which the information or item is stored the legend

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

27  portions of the information or item warrant protection, the Producing Party, to the extent

28  practicable, shall identify the protected portions, specifying whether they qualify as

1  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2      5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

3  failure to designate qualified information or items as "Confidential," "Highly Confidential –

4  Attorneys' Eyes Only," or "Highly Sensitive – Source Code" does not, standing alone, waive the

5  Designating Party's right to secure protection under this Order for such material.  If material is

6  appropriately designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or

7  "Highly Sensitive – Source Code" after the material was initially produced, the Receiving Party,

8  on timely notification of the designation, must make reasonable efforts to assure that the material

9  is treated in accordance with the provisions of this Order.

10      6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

11      6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

12  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

14  waive its right to challenge a confidentiality designation by electing not to mount a challenge

15  promptly after the original designation is disclosed.

16      6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

17  Designating Party's confidentiality designation must do so in good faith and must begin the

18  process by conferring directly (in voice to voice dialogue; other forms of communication are not

19  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

20  explain the basis for its belief that the confidentiality designation was not proper and must give

21  the Designating Party an opportunity to review the designated material, to reconsider the

22  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

23  designation.  A challenging Party may proceed to the next stage of the challenge process only if

24  it has engaged in this meet and confer process first.

25      6.3     Judicial Intervention.  A Party that elects to press a challenge to a

26  confidentiality designation after considering the justification offered by the Designating Party

27  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

28  79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

1   challenge.  Each such motion must be accompanied by a competent declaration that affirms that

2   the movant has complied with the meet and confer requirements imposed in the preceding

3   paragraph and that sets forth with specificity the justification for the confidentiality designation

4   that was given by the Designating Party in the meet and confer dialogue.

5           The burden of persuasion in any such challenge proceeding shall be on the

6   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

7   material in question the level of protection to which it is entitled under the Producing Party's

8   designation.

9       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

10          7.1    Basic Principles.  A Receiving Party may use Protected Material that is

11   disclosed or produced by another Party or by a non-party in connection with this case only for

12   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

13   disclosed only to the categories of persons and under the conditions described in this Order.

14   When the litigation has been terminated, a Receiving Party must comply with the provisions of

15   section 11, below (FINAL DISPOSITION).

16          Protected Material must be stored and maintained by a Receiving Party at a

17   location and in a secure manner that ensures that access is limited to the persons authorized

18   under this Order.

19          7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

20   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

21   Party may disclose any information or item designated CONFIDENTIAL only to:

22                  (a)    the Receiving Party's Outside Counsel of record in this action, as

23   well as employees of said Counsel to whom it is reasonably necessary to disclose the information

24   for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

25   attached hereto as Exhibit A;

26                  (b)    the officers, directors, and employees (including House Counsel)

27   of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

28   have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author of the document or the original source of the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)      the Court and its personnel;

(d)      court reporters, their staffs, and professional vendors to whom

1    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

2    Bound by Protective Order" (Exhibit A); and

3                         (e)       the author of the document or the original source of the

4    information.

5                         7.4       Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

7                         (a)       Unless otherwise ordered by the court or agreed in writing by the

8    Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

9    information or item that has been designated  "HIGHLY CONFIDENTIAL – ATTORNEYS'

10   EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

11   specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

12   disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

13   her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

14   Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

15   received compensation for work in his or her areas of expertise or to whom the expert has

16   provided professional services at any time during the preceding five years, and (6) identifies (by

17   name and number of the case, filing date, and location of court) any litigation in connection with

18   which the Expert has provided any professional services during the preceding five years.

19                         (b)       A Party that makes a request and provides the information

20   specified in the preceding paragraph may disclose the subject Protected Material to the identified

21   Expert unless, within seven court days of delivering the request, the Party receives a written

22   objection from the Designating Party.  Any such objection must set forth in detail the grounds on

23   which it is based.

24                         (c)       A Party that receives a timely written objection must meet and

25   confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

26   matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

27   Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

28   Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must

1   describe the circumstances with specificity, set forth in detail the reasons for which the

2   disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would

3   entail and suggest any additional means that might be used to reduce that risk.  In addition, any

4   such motion must be accompanied by a competent declaration in which the movant describes the

5   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

6   confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

7   approve the disclosure.

8            In any such proceeding the Party opposing disclosure to the Expert shall

9   bear the burden of proving that the risk of harm that the disclosure would entail (under the

10  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

11  its Expert.

12       8.    <u>COMPUTER SOURCE CODE AND OTHER SIMILAR INFORMATION.</u>

13       8.1    Each party shall have the right to designate information or items entitled to

14  protection under F.R.Civ.P. 2(c) and comprising computer source code, executable code,

15  microcode, RTL, HDL or other hardware description language (collectively, "source code"), , as

16  "HIGHLY SENSITIVE - SOURCE CODE."  Information, documents and things so designated

17  will be subject to all of the restrictions as material designated as "Highly Confidential –

18  Attorneys' Eyes Only" and further will be subject to the following additional restrictions and

19  provisions:

20       (a)    Each party shall produce three (3) copies of its source code in

21  searchable electronic form on CDs, DVDs, or hard drives bearing production identification

22  numbers and marked as "HIGHLY SENSITIVE - SOURCE CODE."  The Producing Party may

23  produce said copies in an encrypted format.  If the Receiving Party ships the encrypted media to

24  another authorized location (e.g., a consultant or expert authorized to review confidential

25  information under this protective order), the Receiving Party shall not ship the password to

26  decrypt the media in the same package as the encrypted media.

27       (b)    The source code will be viewed only on a non-networked computer

28  in secure locked areas of the designated offices of the Receiving Party's outside counsel and the

1  offices of experts or consultants disclosed under paragraph 7.4, except as provided herein.

2  (c)     Access to information designated "HIGHLY SENSITIVE -

3  SOURCE CODE" shall be limited to the persons described in paragraph 7.3.  A Receiving Party

4  may include excerpts of source code in a pleading, exhibit, expert report, discovery document,

5  deposition transcript, other court document, or any drafts of these documents ("Source Code

6  Documents"); each excerpt of source code quoted in a Source Code Document shall be

7  insubstantial when compared to the entire source code produced by the Producing Party – as an

8  example, excerpts of approximately 25 to 40 lines in length would be allowed.  Any and all such

9  printouts or photocopies shall be marked "HIGHLY SENSITIVE - SOURCE CODE."

10  (d)     If the Receiving Party or its experts or consultants makes printouts

11  or photocopies of portions of source code, the Receiving Party shall keep the printouts or

12  photocopies in a secured locked area in the office of the outside counsel or expert or consultant.

13  The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the sites

14  where any depositions relating to the source code are taken for the dates associated with the

15  taking of the deposition; (ii) the court; or (iii) any intermediate location reasonably necessary to

16  transport the information (e.g., a hotel prior to a deposition).

17  (e)     To the extent portions of source code are quoted in a Source Code

18  Document, either (1) the entire document will be stamped and treated as "HIGHLY SENSITIVE

19  - SOURCE CODE" or (2) those pages containing quoted source code will be separately bound,

20  and stamped and treated as "HIGHLY SENSITIVE - SOURCE CODE."

21  (f)     As set forth above, source code shall be viewed within the

22  designated United States offices of outside counsel or the offices for experts or consultants

23  disclosed under paragraph 7.4 for the Receiving Party except as set forth herein.  However, to the

24  extent portions of source code are quoted in a Source Code Document, the persons described in

25  paragraph 7.3, shall be permitted to store and access Source Code Documents on a computer and

26  on a computer network that limits access to only necessary viewers.

27  (g)     If any party intends to offer any evidence at trial based on the

28  materials designated under paragraph 8.1, the party shall request that the court take appropriate

1  measures to preserve the confidentiality of the designated materials to the extent reasonably

2  practicable.

3         8.2     Within 30 days of the conclusion of the litigation:

4         (a)     All copies of materials designated under paragraph 8.1 must be

5  returned to the Producing Party or provide certification of destruction.

6         (b)     Notwithstanding the provisions above, outside counsel may retain

7  for archive purposes one (1) magnetic and one (1) paper copy of all pleadings, including but not

8  limited to discovery responses and deposition transcripts, exchanged by the parties or filed with

9  the court that contain source code excerpts.

10       9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

11  <u>OTHER LITIGATION.</u>

12       If a Receiving Party is served with a subpoena or an order issued in other

13  litigation that would compel disclosure of any information or items designated in this action as

14  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

15  "HIGHLY SENSITIVE – SOURCE CODE," the Receiving Party must so notify the Designating

16  Party, in writing (by fax, if possible) immediately and in no event more than three court days

17  after receiving the subpoena or order.  Such notification must include a copy of the subpoena or

18  court order.

19       The Receiving Party also must immediately inform in writing the Party who

20  caused the subpoena or order to issue in the other litigation that some or all the material covered

21  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

22  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

23  that caused the subpoena or order to issue.

24       The purpose of imposing these duties is to alert the interested parties to the

25  existence of this Protective Order and to afford the Designating Party in this case an opportunity

26  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

27  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

28  of its confidential material – and nothing in these provisions should be construed as authorizing

1    or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

2        10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4    Material to any person or in any circumstance not authorized under this Stipulated Protective

5    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

6    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

7    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

8    this Order, and (d) request such person or persons to execute the "Acknowledgment and

9    Agreement to Be Bound" that is attached hereto as Exhibit A.

10        11.    INADVERTENT DISCLOSURE OF PRIVILEGED OR WORK PRODUCT

11    INFORMATION

12        Each party shall make efforts that are "reasonably designed" to protect its privileged

13    materials.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).  What constitutes

14    efforts that are reasonably designed to protect privileged materials depends on the circumstances;

15    the law does not require "strenuous or Herculean efforts," just "reasonable efforts."  *See, e.g.*,

16    *Hynix Semiconductor, Inc. v. Rambus, Inc.*, 2008 WL 350641, *1-*2 (N.D. Cal., Feb. 2, 2008);

17    *see also*, Fed. R. Civ. Pro. 26(f)(3) advisory committee's notes to 2006 amendments (discussing

18    the substantial costs and delays that can result from attempts to avoid waiving privilege,

19    particularly when discovery of electronic information is involved).  When a particular Rule 34

20    request requires a production or inspection that is too voluminous, expedited or complex (such as

21    certain electronic productions) to allow for an adequate pre-production review, the parties may

22    enter into non-waiver agreements for that particular production.  If the requesting party is

23    unwilling to enter into such an agreement, the Producing Party may move the court for a non-

24    waiver order.

25        In the event that, despite reasonable efforts, a Producing Party discovers that is has

26    inadvertently produced privileged materials, then within 30 calendar days the Producing Party

27    shall notify the Receiving Party that the document(s) or materials should have been withheld on

28    grounds of privilege.  After the Receiving Party receives this notice from the Producing Party

1  under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced

2  material to any person or entity pending resolution of the Producing Party's claim of privilege.

3  The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as

4  reasonably possible after a notice of inadvertent production.  If the Producing Party and

5  Receiving Party agree that the inadvertently produced material is privileged, and was disclosed

6  despite efforts by the Producing Party that were "reasonably designed" to protect the materials,

7  then the Receiving Party shall return or certify the destruction of all copies (including

8  summaries) of such material.  If no agreement is reached, then within 10 court days after the

9  meet and confer, the Producing Party must seek a ruling from this court to establish that the

10 material is privileged and that the Producing Party did not waive the privilege by inadvertently

11 producing the material.  If the Producing Party seeks such a ruling, the Receiving Party shall not

12 disclose or release the inadvertently produced material to any person or entity pending the

13 court's ruling on the Producing Party's motion.

14       12.    <u>FILING PROTECTED MATERIAL</u>.  Without written permission from the

15 Designating Party or a court order secured after appropriate notice to all interested persons, a

16 Party may not file in the public record in this action any Protected Material.  A Party that seeks

17 to file under seal any Protected Material must comply with Civil Local Rule 79-5.

18       13.    <u>FINAL DISPOSITION</u>.  Unless otherwise ordered or agreed in writing by the

19 Producing Party, within sixty days after the final termination of this action, each Receiving Party

20 must return all Protected Material to the Producing Party.  As used in this subdivision, "all

21 Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

22 reproducing or capturing any of the Protected Material.  With permission in writing from the

23 Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

24 of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

25 must submit a written certification to the Producing Party (and, if not the same person or entity,

26 to the Designating Party) by the sixty day deadline that identifies (by category, where

27 appropriate) all the Protected Material that was returned or destroyed and that affirms that the

28 Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

1    of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

2    Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

3    memoranda, correspondence or attorney work product, even if such materials contain Protected

4    Material.  Any such archival copies that contain or constitute Protected Material remain subject

5    to this Protective Order as set forth in Section 4 (DURATION), above.

6          14.    MISCELLANEOUS

7                 14.1    Right to Further Relief.  Nothing in this Order abridges the right of any

8    person to seek its modification by the court in the future.

9                 14.2    Right to Assert Other Objections.  By stipulating to the entry of this

10   Protective Order no Party waives any right it otherwise would have to object to disclosing or

11   producing any information or item on any ground not addressed in this Stipulated Protective

12   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

13   the material covered by this Protective Order.

14   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15   Dated:  March 2, 2010                   WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation
16

17                                           By:    /s/ Stefani E. Shanberg
                                                    Stefani E. Shanberg
18
                                             Attorneys for Plaintiff and Counterclaim Defendant
19                                           FORTINET, INC.

20   Dated:  March 2, 2010                   DURIE TANGRI LLP

21

22                                           By:    /s/ Ryan M. Kent
                                                    Ryan M. Kent
23
                                             Attorneys for Defendants and Counterclaim Plaintiff
24                                           PALO ALTO NETWORKS, INC. AND PATRICK R.
                                             BROGAN

25   PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27   DATED:    _Nov. 8, 2010_____      _Patricia V. Trumbull_
                                                 PATRICIA V. TRUMBULL
28                                               United States Magistrate Judge

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Fortinet, Inc. v. Palo Alto Networks,*

*Inc. et al.*, Case No. 5:09-CV-00036-RMW.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                       [signature]