1   JAMES C. YOON (St. Bar No. 177155)
      Email: jyoon@wsgr.com
2   STEFANI E. SHANBERG (St. Bar No. 206717)
      Email: sshanberg@wsgr.com
3   ROBIN L. BREWER (St. Bar No. 253686)
      Email: rbrewer@wsgr.com
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   650 Page Mill Road
    Palo Alto, CA 94304-1050
6   Telephone: (650) 493-9300
    Facsimile: (650) 565-5100
7
    Attorneys for Plaintiff FORTINET, INC.
8

    DURIE TANGRI LLP
    RAGESH K. TANGRI (St. Bar No. 159497)
      Email: rtangri@durietangri.com
    DARALYN J. DURIE (St. Bar No. 169825)
      Email: ddurie@durietangri.com
    RYAN M. KENT (St. Bar No. 220441)
      Email: rkent@durietangri.com
    332 Pine Street, Suite 2000
    San Francisco, CA 94104-3214
    Telephone: (415) 362-6666
    Facsimile: (415) 326-6300

    Attorneys for Defendants PALO ALTO
    NETWORKS, INC. AND PATRICK
    BROGAN

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11                 **SAN JOSE DIVISION**

12

| | |
|---|---|
| FORTINET, INC., | CASE NO.: 09-CV-00036-RMW (PVT) |
| Plaintiff, | **REVISED SECOND SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| PALO ALTO NETWORKS, INC., and PATRICK R. BROGAN, | |
| Defendants. | |

19         Pursuant to Civil Local Rule 16-10(d) and pursuant to the Clerk's Notice of Setting Case

20   Management Conference dated November 22, 2010 (Dkt. 242), Plaintiff Fortinet, Inc.

21   ("Fortinet") and Defendants Palo Alto Networks, Inc. ("PAN") Patrick R. Brogan ("Brogan")

22   (PAN and Brogan are collectively "Defendants") submit this Revised Second Subsequent Joint

23   Case Management Statement.

24         On December 3, the parties filed a second subsequent joint case management statement

25   that agreed on much but asked the Court to decide one dispute: when Fortinet would provide

26   Final Infringement Contentions. The parties continued to meet and confer on that issue and

27   submit this revised second subsequent case management statement that resolves that remaining

28

issue and obviates the need for a case management conference at this time unless the Court wishes one.

# I.   PROPOSALS FOR REMAINDER OF CASE

## A.   ADR, Motions, and Hearings

Fortinet does not anticipate filing any additional summary judgment motions prior to the scheduled deadline.  Fortinet also has agreed to withdraw its motion to compel pursuant to the agreement set forth herein which resolves all remaining issues relating to technical discovery.  Fortinet reserves the right to bring a motion to compel covering any aspect of non-technical discovery, if necessary, at an appropriate time.  The parties have scheduled a private mediation with Judge Infante for January 11, 2011.

PAN believes that should that mediation prove unsuccessful, a further motion directed to non-infringement of the '125/'311 patents will dispose of the remainder of the patent issues in the case and that, as the parties agreed in their prior Joint Case Management Statement, resolution of the patent issues may resolve the matter.  Dkt. 54 at 3.  While Fortinet does not agree that a further motion will resolve the remaining patent issues, it also does not oppose PAN bringing such a further motion after it has had an opportunity to receive specific further technical discovery and to take the deposition of Nir Zuk.  As explained below, PAN has agreed to provide Fortinet that discovery.

Finally, Fortinet has filed a new case alleging three additional patents against PAN.  That case now is assigned to Judge Seeborg, and Fortinet's suggestion that the Court should consider whether Fortinet's new case ought to be related to this case remains pending.  PAN likewise believes that the cases should be related.

## B.   Discovery

Fortinet has identified one category of documents that it wishes PAN to produce before technical discovery is brought to a close: documents marked confidential by Cavium in PAN's

possession.[1]  After it receives those documents, Fortinet has requested a further deposition of Nir Zuk on the structure, function and operation of the accused products.  At that point, Fortinet has agreed that it can and will provide Final Infringement Contentions.  Fortinet also has requested the production of two other categories of documents: organizational charts and documents, including webcasts, on PAN's website related to the accused products.

PAN agrees to produce those three categories of documents.  Cavium previously denied but recently gave PAN permission to produce its confidential information so long as PAN marks the documents attorneys-eyes only.  Having now received permission, PAN will produce the Cavium-confidential information by Friday, December 17, 2010.  PAN also does not object to the production of organizational charts and will produce documents and webcasts currently and formerly publically available on its website (to the extent such web content is in PAN's possession or readily available to PAN).  PAN will complete these productions no later than January 7, 2011.   Given the scheduled mediation on January 11, PAN also agrees to offer Nir Zuk for deposition on or before January 21.  In return, Fortinet has agreed to provide Final Infringement Contentions by February 4, 2011.  Fortinet will not seek leave to amend its Final Infringement Contentions unless new information surfaces that was not previously known to Fortinet due to a discovery failure by PAN.

Moreover, the parties have agreed that given the parties' January 11 mediation and the fact that PAN will file a renewed motion on non-infringement, the existing limits on discovery, established in the CMO, remain in place.  The alternative is that both parties will have to engage now in full-blown and expensive damages discovery, which PAN believes may not be required.  If such discovery is eventually required, there is no harm to conducting damages discovery then.

The parties therefore agree to the following schedule:

---

[1] PAN provided Fortinet with identification of third parties whose information has been withheld from production.  Fortinet does not believe any such information, other than that of Cavium, is required in this case.  Fortinet, however, reserves the right to request production of those third party documents should it become necessary in view of the remaining technical discovery.

| Event | Date |
|-------|------|
| Production of Final Technical Documents | January 7, 2011 |
| Deadline for Deposition of Nir Zuk | January 21, 2011 |
| Final Infringement Contentions | February 4, 2011 |
| Final Invalidity Contentions | February 25, 2011 |
| Motion for Summary Judgment re: Non-Infringement of the '125/'311 Patents | February 25, 2011 |
| Opposition to Motion for Summary Judgment re: Non-Infringement of the '125/'311 Patents | March 25, 2011 |
| Reply in Support of Motion for Summary Judgment re: Non-Infringement of the '125/'311 Patents | April 8, 2011 |
| Proposed Hearing Date on Motion for Summary Judgment | April 22, 2011 |
| Case Management Conference | 20-Days After Order on Motion for Summary Judgment |

Dated:  December 16, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/  Stefani E. Shanberg
       Stefani E. Shanberg

Attorneys for Plaintiff FORTINET, INC.


Dated:  December 16, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/  Ragesh K. Tangri
       Ragesh K. Tangri

Attorneys for Defendants
PALO ALTO NETWORKS, INC. AND
PATRICK BROGAN

1    **CASE MANAGEMENT ORDER**

2         The Revised Second Subsequent Case Management Statement and Proposed Order,

3    including the Proposed Schedule as set forth above, is hereby adopted by the Court as the Case

4    Management Order for the case, and the parties are ordered to comply with the Order.

5

6    Dated: _____          _____

7                                                          Hon. Ronald M. Whyte
                                                          United States District Court Judge

**ATTESTATION CLAUSE**

I, Stefani E. Shanberg, am the ECF User whose identification and password are being used to file this Second Subsequent Joint Case Management Conference Statement. In compliance with General Order 45.X.B., I hereby attest that Ragesh K. Tangri of Durie Tangri LLP has concurred in this filing.

Dated: December 16, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:   /s/  Stefani E. Shanberg
          Stefani E. Shanberg

Attorneys for Plaintiff
FORTINET, INC.